IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SPRINGBOARDS TO EDUCATION, INC,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. **3:16-CV-2435-L** |
| **TEACH FOR AMERICA, INC.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Teach for America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32), filed February 21, 2017; and Defendant Teach for America, Inc.'s Opposed Motion to Stay Discovery (Doc. 25), filed January 20, 2017. After considering the motions, briefs, pleadings, and applicable law, the court **denies** Defendant Teach for America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32); and **denies as moot** Defendant Teach for America, Inc.'s Opposed Motion to Stay Discovery (Doc. 25). As herein explained, the court believes that resolution of the matters in Defendant's Motion to Dismiss is better suited for summary judgment or trial, and the court's denial of the motion to dismiss moots Defendant's request to stay discovery pending resolution of its motion to dismiss.

### I.   Factual and Procedural Background

Plaintiff Springboards to Education, Inc. ("Plaintiff") brought this trademark action against Defendant Teach for America, Inc. ("Defendant") on August 23, 2016. In its "[Corrected] First Amended Complaint," Plaintiff asserts claims for trademark counterfeiting and infringement under 15 U.S.C. § 114; false designations of origin false descriptions and trademark dilution under 15 U.S.C. § 1125(a) and (c); violations of the Texas Anti-Dilution Statute; common law trademark

infringement; and common law unfair competition.  Plaintiff seeks to recover compensatory damages, statutory damages, exemplary damages, injunctive relief, prejudgment and postjudgment interest, and costs of court.

On February 21, 2017, Defendant moved to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff has failed to state claims upon which relief can be granted.  Defendant also contends that it is entitled to dismissal of Plaintiff's claims based on its fair-use and laches defenses.  Plaintiff disagrees and contends in response that its pleadings with respect to the claims asserted are sufficient, and dismissal of its claims based on Defendant's defenses is inappropriate because they are fact-intensive.  Defendant also moved to stay discovery pending resolution of its motion to dismiss and submitted in support of its motion to stay the following evidence: the declaration of Amber R. Pickett; the Petition for Cancellation; *Families in Schools, v. Springboard to Education, Inc.*, No. 795519 (T.T.A.B. Jan. 17, 2017); and the Petition for Cancellation; *IDEA Public Schools v. Springboards to Education, Inc.*, No. 792809 (T.T.A.B. Jan. 3, 2017).  Plaintiff opposes the motion to stay discovery and contends that it should be denied as moot.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial

**Memorandum Opinion and Order – Page 3**

notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

#### A. Rule 12(b)(6) Motion to Dismiss

After considering Defendant's motion, the parties' briefs, pleadings, and applicable law, the court determines that the allegations in Plaintiff's "[Corrected] First Amended Complaint" are sufficient to raise a right to relief above the speculative level, such that Defendant may be liable for the claims asserted. Accordingly, resolution of the matters presented is better suited for summary judgment or trial. The court, therefore, **denies** Defendant's Rule 12(b)(6) motion to dismiss.

#### B. Motion to Stay Discovery

The court **denies as moot** Defendant's motion to stay discovery pending resolution of its motion to dismiss in light of its ruling on Defendant's motion to dismiss.

### IV. Conclusion

For the reasons stated the court **denies** Defendant Teach for America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32); and **denies as moot** Defendant Teach for America, Inc.'s Opposed Motion to Stay Discovery (Doc. 25).

**It is so ordered** this 27th day of September, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge